Mrs. Rubye Ward PORTER

v.

Claude Burl PHILYAW and Lawrence Coley Crews.

Mrs. Iva M. CATRON

v.

Claude Burl PHILYAW and Lawrence Coley Crews.

Civ. A. Nos. 396, 397.

United States District Court
W. D. North Carolina,
Statesville Division.

April 27, 1962.

McElwee & Hall, North Wilkesboro, N. C., for plaintiffs.

Adams & Dearman, Statesville, N. C., for defendants.

WARLICK, Chief Judge.

These two cases which were consolidated for trial by consent of all parties, stem from a collision of a 1955 Buick

automobile owned and operated by plaintiff, Mrs. Porter, and in which the plaintiff Mrs. Catron was riding as a guest passenger, and a 1956 Ford dump truck owned by the defendant Philyaw and operated by the defendant Crews. And resulting from said collision both plaintiffs were seriously, painfully, and in a large measure, permanently injured, and considerable property damage came about.

A jury trial was waived and the matter heard by the Court.

Both plaintiffs are citizens of the Commonwealth of Virginia and reside in Galax. The defendants are citizens of North Carolina, residing in Caldwell County in the Western District of North Carolina. The agency of Crews was admitted by the defendant Philyaw,—hence the sole questions presented are those of negligence and damage. The case is a relatively simple one.

■ From the evidence it appears that about mid afternoon of June 22, 1959, Mrs. Porter was operating her automobile on North Carolina Highway 18, travelling in a somewhat easterly direction, on a return trip from Asheville to her home in Virginia. Shortly before reaching the limits of the City of Lenoir she overtook the dump truck driven by Crews which was proceeding in the same general direction, and which was heavily loaded with dirt and rock. Highway 18 is a two lane, hard surfaced roadway.

After following the truck for some distance and deciding to pass as the road at this point was virtually straight for a half mile or more, plaintiff Porter drove to her left over and into the north or west bound lane, blew her horn, and began to pass the truck. The evidence shows that at approximately this time she was some three or four car lengths behind the truck and that just as she was about to overtake the truck and go into the act of actually passing, the driver of the truck made an abrupt left hand turn directly in the path of the Porter automobile, evidently undertaking to turn said truck into an unpaved drive on the north side of the highway. Mrs. Porter applied her brakes and from the marks on the highway, skidded approximately seventy feet before colliding with said truck. The right front of the Buick was in collision with the left rear wheel and frame of the dump truck and resulting proximately from the impact of the collision both plaintiffs were seriously injured and the Buick virtually demolished.

All of the marks and impressions found on the highway clearly indicated that the two vehicles collided in the north or west bound lane and that the front of the truck had actually entered the driveway when it was struck by the Porter automobile. Since the roadway was straight for a considerable distance and in the absence of some oncoming vehicle, this would appear to have been a proper place to have passed the truck. There were no signs alongside the roadway nor painted lines thereon which prohibited passing.

The evidence disclosed that the defendant Crews gave no hand signal before turning, but that he told the State Highway Patrolman that before attempting to make the turn to his left that he turned on his mechanical signalling device and such was still flashing when the Patrolman arrived upon the scene and began making his required examinations. It was discovered that the glass or plastic red reflector which covers the light was broken and it was apparent that it had been broken for some considerable time. That the defendants had substituted a piece of red cloth for the broken reflector, and had stuffed it into the light fixture. The cloth was very dirty and though red in color, the accumulated dirt and the way and manner in which it was stuffed in the light fixture had the effect of preventing one from seeing such signal. The Patrolman stated that the light, too, was dim.

N.C.G.S. § 20-154 is applicable to a situation such as the facts in this cause disclose.

" § 20-154. Signals on starting, stopping or turning.—(a) The driver of any vehicle upon a highway be-

fore starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * * * and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

"(b) The signal herein required shall be given by means of the hand and arm in the manner herein specified, or by any mechanical or electrical signal device approved by the Department, except that when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible, both to the front and rear, the signal shall be given by a device of a type which has been approved by the Department.

"Whenever the signal is given the driver shall indicate his intention to start, stop, or turn by extending the hand and arm from and beyond the left side of the vehicle as hereinafter set forth.

"Left turn—hand and arm horizontal, forefinger pointing.

* * * * * *

"All hand and arm signals shall be given from the left side of the vehicle and all signals shall be maintained or given continuously for the last one hundred feet traveled prior to stopping or making a turn."

This statute obviously requires of one operating a motor vehicle before starting or stopping or turning from the direct line that he is travelling to first see that such movement can be made in safety and when as here, the operation of another vehicle by such movement may be affected, shall give a signal plainly visible to the driver of the other vehicle of his intent to make such movement.

Clearly the defendant Crews in operating the dump truck failed to comply with this statute and turning his truck as he did, directly in front of an oncoming vehicle, whose operator had sounded her horn, indicating her intent to pass, as required by N.C.G.S. § 20–149, proximately brought about the collision and the ensuing injuries and damage.

"One driving an automobile upon the public highway is required by provision of this section to give specific signals before stopping or turning thereon, and the failure of one so driving to give the signal required by the statute is negligence, and when the proximate cause of injury, damages may be recovered therefor by the one injured." Bechtler v. Bracken, 218 N.C. 515, 11 S.E.2d 721.

From the evidence offered I conclude that the defendants were guilty of and chargeable with negligence and that such negligence was the proximate cause of the injuries sustained by the plaintiffs.

Plaintiff Mrs. Porter suffered considerable injuries to her face which resulted in extensive swelling, lacerated lips, with several of her teeth badly damaged, a bruised chest, contusions and swelling of the right knee. She was hospitalized from June 22 until July 13. She has a rather noticeable scar on her face and still suffers from numbness of her upper lip, which resulted from a severed nerve, and at the time of the trial, she testified that she still had frequent headaches, which evidently are permanent. Her treatment necessitated the expenditure for doctor and hospital bills in excess of $1,000.

Mrs. Catron had several head injuries, contusions and abrasions of both elbows, and other injuries resulting from her being thrown violently against the windshield and with such force as to break it. Resulting from said injuries she was painfully injured and forced to expend considerable monies for treatment.

I conclude therefore:

The Court has jurisdiction of the parties and the subject matter of the controversy. 28 U.S.C.A. § 1332.

That each plaintiff was injured as a proximate result of the negligence of the defendants.

I award to plaintiff Mrs. Porter the sum of $4,500 and her costs.

I award to Mrs. Catron the sum of $750 and her costs.

Counsel will submit decree.